UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION, LABORERS WELFARE FUND, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES AUBUCHON, d/b/a ST. LOUIS CONCRETE,<br><br>Defendant. | Case No. 4:09-CV-1086 (CEJ), |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant James Aubuchon d/b/a St. Louis Concrete, pursuant to 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on July 22, 2009. Defendant did not file an answer or other responsive pleading or seek additional time to do so. The Clerk of Court entered default judgment against defendant on September 1, 2009.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132, and the Labor Relations Management Act (LMRA), 29 U.S.C. § 185. Plaintiffs are four employee benefit plans (the Welfare, Pension, Vacation, and Training trusts), their trustees (collectively, the plans), and the Local Union No. 42-53-110 and the Laborers International Union of North America AFL-CIO (the union). Plaintiffs contend that defendant failed to make timely contributions to the plans as required under the terms of the collective bargaining agreement. They seek $51,789.16 in delinquent contributions, $19,195.76 in liquidated damages, and $2,057.37 in interest, $1,611.00 in attorney's fees, and $400.00 in costs.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement. 29 U.S.C. § 1145. Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs. 29 U.S.C. § 1132(g)(2).

On March 12, 2007, defendant and the Union entered into a collective bargaining agreement. The collective bargaining agreement, obligates defendant to make fringe benefit contributions to the Welfare, Pension, Training and Vacation trusts.

According to the affidavit of Bernard Difani, an administrative manager for the plans, defendant failed to make timely contributions to the plans from October, 2008 through January, 2010. Plaintiffs submitted reports for the months of October, 2008 through January, 2010, which lists the employees for whom contributions are owed, the hours they worked each month, the contribution rate and the amount owed. In their reports, plaintiffs included fees owed to the Site Advancement fund, however the Site Advancement is not a party to this lawsuit, thus these fees are excluded. The court finds that plaintiffs have established they are entitled to collect $51,002.56 in delinquent contributions fro the period of October, 2008 through January, 2010.

In addition, the collective bargaining agreement also requires defendant to pay liquidated damages of twenty percent on all delinquent contributions, and interest accrued on all unpaid contributions calculated at the IRS small business underpayment/overpayment rate. Plaintiffs discrepancy report establishes that defendant owes liquidated damages for the Welfare, Pension, Training and Vacation trusts in the amount of $18,892.06, and interest in the amount of $2,026.44. Thus,

a total of $71,921.06 is due for delinquent contributions, liquidated damages and interest.

Plaintiffs also submit the affidavit of an associate at the law firm of Hammond and Shinners, P.C., Janine M. Martin. Ms. Martin states that in 2009 she spent 5.0 hours working on the case, billed at $155.00 per hour, and 4.0 hours in 2010, billed at $160.00 per hour. Additionally, a partner, Sherrie A. Schroder, spent 0.4 hours working on the case in 2009, billed at $165 per hour, and 0.1 hours in 2010, billed at $170.00 per hour. Another partner, Greg A. Campbell, spent 0.2 hours on this matter in 2009, billed at $165.00 per hour. Then, a paralegal performed 1.0 hours of work in 2010, billed at $80.00 per hour. Attorneys fees in the amount of $1,611.00, plus costs in the amount of $350.00 for the filing fee and $50.00 for service of process will be included in the judgment.

Based upon its review of the record, the Court concludes that plaintiffs are entitled to default judgment against defendant in the sum of $73,932.06. Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment against defendant James Aubuchon, is **granted.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of December, 2010.